## Monroe Seiberling v. Joseph Miller et al.

1. FIXTURES—*Right to Remove, by One in Possession of Land Under a Contract for Its Purchase, Without Paying Rent Therefor.*—The right to remove fixtures annexed to real estate by one in possession thereof under a contract for its purchase without paying rent therefor, is to be determined by the rule prevailing between grantor and grantee, or mortgagor and mortgagee, and not that prevailing between landlord and tenant. Fixtures erected under such circumstances may, as against the vendor of the land, neither be removed by the vendee,

mortgaged or sold by him, nor seized and sold on *fi. fa.* against him as his personal property.

2. Same—*Improvements of a Permanent Character.*—All improvements of a permanent character placed upon land, designed for its better enjoyment, are deemed a part of the land.

Replevin.—Error to the Circuit Court of Peoria County; the Hon. Leslie D. Puterbaugh, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed January 27, 1903.

Jack & Tichenor, attorneys for appellant; Stevens, Horton & Abbott, of counsel.

Winslow Evans, attorney for appellees.

Mr. Presiding Justice Brown delivered the opinion of the court.

This is an action of replevin brought by defendants in error to recover the possession of certain engines, boilers, heaters, iron smoke stacks, electric dynamo and electric wiring, line shafting and belting, contained in a building described in the complaint, and which appears from the evidence to have been the premises formerly occupied by Rouse, Hazard & Company, bicycle manufacturers at Peoria, Illinois. Appellees claim to be the owners of the freehold on which this plant was located, and as such the owners of the machinery described in the complaint, for the alleged reason that it was affixed to and constituted a part of the building. Appellant claims the machinery is personal property. It was as such levied upon by executions against Rouse, Hazard & Co. while they were in possession, and was purchased at sheriff's sale by William Jack, who afterward executed a bill of sale of the same to Monroe Seiberling, the appellant.

There was a trial in the Circuit Court without a jury. The court held that the property in question was a part of the realty and entered judgment accordingly. Plaintiff appeals.

Rouse, Hazard & Co. was a corporation in which the entire capital stock was owned by H. G. Rouse and S. B. Hazard. In August, 1895, Theodore Miller, who owned a

large tract of land at Peoria Heights, entered into a written contract with Rouse and Hazard on behalf of their corporation, to erect for them and have completed by October 10, 1895, a factory building upon a certain ten acre tract of land, which said land and buildings, as a part of said realty, were to be conveyed by Miller to Rouse and Hazard. In consideration of such agreement to convey said real estate Rouse and Hazard agreed to occupy said factory as soon as completed and proceed forthwith to manufacture 10,000 or more bicycles during the year 1896, and barring fires, strikes, panics and inevitable contingencies to continue to operate said factory for a period of five years in the manufacture of bicycles or other merchandise. It was further agreed between the parties that if for any reason Miller should be unable to make the conveyance of the real estate at the time specified that he should have an extension of six months for that purpose and that Rouse and Hazard might during the interval occupy the factory without the payment of rent. After the execution of the contract Miller proceeded to erect a building and completed it in the fall of 1895. Rouse, Hazard & Co. took immediate possession and placed therein the machinery in controversy in this case. They manufactured the 10,000 bicycles in the year 1896 and fully carried out their part of the agreement with Miller. Miller failed to convey the property according to the agreement but conveyed it to another, and by a succession of events and conveyances the title to the realty at the time of and prior to the commencement of this litigation was in Joseph Miller and Frank Miller, appellees. It is apparent that the land and building were to have been conveyed to Rouse, Hazard & Co. as a bonus for the establishment and maintenance of a manufacturing plant. The evidence shows that the machinery was so attached that it could not be severed without serious injury to the building.

The question presented for our determination is whether the machinery in question is real estate or personal property. If real estate the judgment of the court below must

Seiberling v. Miller.

be affirmed. If it is to be regarded as personal property the judgment must be reversed. It is evident from the whole transaction that Rouse, Hazard & Co. were to become the owners of the real estate and that the relation of landlord and tenant never existed between them and Theodore Miller. The relation which existed between the parties was that of vendor and vendee. They fully performed the consideration which entitled them to a conveyance of the land and building. The status of the parties was fixed. It can not be changed by the fact that Theodore Miller failed to perform his duty, which was to convey the real estate to them. They had their remedy for such failure.

The machinery in question was placed in the building by Rouse and Hazard with a manifest intention to use it as a component part of a permanent manufacturing establishment. It was adapted in every respect to and appropriate for the use for which it was there placed. Rouse and Hazard were obligated under their contract to continue the operation of the manufacturing plant at least for the period of five years. It is well settled that the right to remove fixtures annexed to real estate by one in possession thereof under a contract for its purchase without paving rent therefor, is to be determined by the rule prevailing between grantor and grantee, or mortgagor and mortgagee, and not that between landlord and tenant. Fixtures erected under such circumstances may, as against the vendor of the land, neither be removed by the vendee, mortgaged or sold by him, nor seized and sold on *fi. fa.* against him as his personal property. Ewell on Fixtures, 272. All improvements of a permanent character placed upon land, designed for its better enjoyment, are deemed a part of the land. Dooley v. Crist, 25 Ill. 551.

We hold that the machinery in question became a fixture to the realty and passed with the conveyance of the land to the appellees. Being realty, its sale upon the execution to Jack as personal property and his bill of sale thereof to the appellant invested the latter with no title to the same.

The judgment of the Circuit Court is affirmed.